UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOORISH SCIENCE TEMPLE
OF AMERICA,

Plaintiff, No. 14-cv-12166

vs. Hon. Gerald E. Rosen

STATE OF MICHIGAN, et al.,

Defendants.
_____________________________/

MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT, WITHOUT PREJUDICE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on June 16, 2014

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

The Moorish Science Temple of America filed this action on June 2, 2014 against the State of Michigan, the City of Detroit, Wayne County, the Wayne County Treasurer, the Wayne County Assessment and Equalization Department, and the City of Detroit Finance and Assessment Division, seeking injunctive and declaratory relief "for recognition of free national republic status and for exemption of property taxes [on] property acquired by Plaintiff in 2013." [Compl., pp. 1-2]. Having reviewed Plaintiff's Complaint, the Court concludes that federal subject matter jurisdiction is lacking.

Plaintiff checked the box on the Civil Cover Sheet it filed with its Complaint indicating that the basis of jurisdiction is diversity of citizenship. However, Plaintiff's Complaint and the exhibits appended thereto contradict this assertion. The Complaint shows that the address for the "Moorish Science Temple of America" as "20121 Warrington Drive, Detroit, Michigan 48221." [*See* Compl., p. 19]. The copies of purported checks delivered by the Moorish Science Temple of America to the Wayne County Treasurer show the same address, as do the "Moorish Science Temple of America Divine Constitution and Bylaws." [*See id.,* Ex. A, p.2; Ex. C, p. 1]. Further, the Declaration of Thomas E. Blackwell Bey, Jr. [Compl., p. 18], provided ostensibly "to show Citizenship of Sheik," *id.*, p. 19, states that the address for both Blackwell and the Moorish Science Temple of America is "20121 Warrington Dr., Detroit, Michigan 48221."

In order for diversity of citizenship to exist, no plaintiff may be a citizen of the same state as any of the defendants. Complete diversity only exists where "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Here, the allegations in Plaintiff's Complaint establish that Plaintiff and Defendants are all citizens of the State of Michigan.[1]

---

[1] It appears that the Moorish Science Temple of America may have been incorporated in Illinois. However, a corporation is a citizen of both the State where it was incorporated and the State where its principal place of business is located. 28 U.S.C.

Furthermore, whether the Moorish Science Temple of America is a corporation or an unincorporated entity, it is not a "person" for purposes of litigating in federal court.

"It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v.California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993) (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), *aff'd sub nom Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976), and *aff'd sub nom Pilla v. American Bar Ass'n*, 542 F.2d 56 (8th Cir 1976)). This is the law in the Sixth Circuit. *See United States v. 9.19 Acres of Land*, 728 F.2d 334 (6th Cir. 1984); *Ginger v. Cohn*, 416 F.2d 1244, 1245 (6th Cir. 1969) (holding that a corporation cannot appear otherwise than through an attorney).

The courts have further recognized that the rationale for this rule applies not only

---

§ 1332(c)(1). The exhibits appended to Plaintiff's Complaint show that the principal place of business of the Moorish Science Temple of America is 20121 Warrington Drive, Detroit, Michigan. Further, if the Moorish Science Temple of America is not a duly-established corporation, it is an unincorporated association. An unincorporated association is deemed to have the citizenship of each of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015 (1990). Plaintiff has shown that at least one of its members, Thomas Blackwell Bey, Jr., like the Defendants, is a citizen of the State of Michigan.

to corporations but to all artificial entities. *Rowland, supra*. Thus,"courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland,* 506 U.S. at 202-03, 113 S.Ct. at 721 (collecting cases); *see also Parris v. Herman*, 211 F.3d 1270, 2000 WL 571932 at *2 (6th Cir. 2000) (corporations and partnerships must be represented in court by an attorney and may not be represented by an officer); *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991) (partnership cannot appear *pro se*); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192 (1989) (nonprofit corporation formed by prison inmate required attorney representation).

A complaint filed by an unrepresented corporation, partnership or unincorporated association is a nullity which may be stricken and the claims dismissed. *See e.g., Future World Electronics, LLC v. Over Drive Marketing, LLC*, 2013 WL 5925089 at *2 (N.D. Tex. 2013). Therefore, even if the Court has subject matter jurisdiction over this matter, only an attorney may present Plaintiff's claims to the Court. Plaintiff cannot present its claims through one of its members.

CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that this case is DISMISSED, WITHOUT PREJUDICE.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 16, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135